

**STATE OF MARYLAND**
**OFFICE OF THE STATE PROSECUTOR**
**300 E. Joppa Road, Suite 410**
**Towson, MD 21286**
**(410) 321-4067**



# REPORT OF INVESTIGATION (CLOSED)

**DATE:** 7/25/2024

**CASE TYPE:** Corruption

**CASE NAME:** **Jeffrey ECKRICH, Chief of Police, Ridgely Police Department, Ridgely, MD**

**OSP CASE #:** 24-0107-I

**REPORTING SPECIAL AGENT:** George R. Taylor Jr.

## REFERENCE(S):

A. OSP Complaint Case #24-0943-C/23Feb24

## EXHIBIT(S):

1. ROI (OPEN)/04Mar24
2. Copy of the "In the Circuit Court for Caroline County, State of Maryland, *Application for Search Seizure Warrant"*, 5 Pages/12Mar24
3. Copy of "In the Circuit Court for Caroline County, State of Maryland, *Search Warrant*", 3 Pages/12Mar24
4. IA: Receipt of Search and Seizure Warrant Documents Re: Ridgely Police Department/14Mar24
5. IA: Acquisition & Review of MPCTC Documents Re: [REDACTED] & [REDACTED], Ridgely Police Department, 3 Pages/20Mar24
6. IA: Acquisition of the Town of Ridgely (MD) Closed-Session Documents/14Mar24
7. IA: Results of MD Gun Center Inquiry Re: Jeffrey S. ECKRICH, 2 Pages/14Mar24
8. IA: Receipt of Invoice Documents Re: LEOSA Cards & Firearms Contracts/14Mar24
9. IA: Results of LEOSA Inquiry Re: LEOSA Qualifications, 2 Pages/20Mar24
10. IA: Receipt & Review of MPCTC Employee Profiles Re: [REDACTED] & [REDACTED] [REDACTED], 2 Pages/08Apr24
11. IA: Acquisition of CCSO's Incident Reports Re: Search & Seizure Warrant, 2 Pages/13May24
12. Copy of the "In the Circuit Court for Caroline County, State of Maryland, *Application for Search Seizure Warrant",* 5 Pages/01Apr24
13. Copy of the "In the Circuit Court for Caroline County, State of Maryland, *Search Warrant*", 2 Pages/01Apr24
14. Copy of the "Petition to Seal Affidavit in Support of Search and Seizure Warrant", 2 Pages/01Apr24
15. Copy of the "Order to Seal Affidavit in Support of Search and Seizure Warrant", 2 Pages/01Apr24
16. IA: Results of Digital Data Extraction Re: Jeffrey S. ECKRICH's RPD Electronic Devices/16Apr24
17. IA: Acquisition & Review of Documents from the Town of Ridgely, MD, 2 Pages/11Apr24
18. IA: Acquisition of Walmart Inc.'s Firearms Purchases Re: Jeffrey S. ECKRICH, 2 Pages/18Apr24



EXHIBIT
8



STATE OF MARYLAND
OFFICE OF THE STATE PROSECUTOR
300 E. Joppa Road, Suite 410
Towson, MD 21286
(410) 321-4067



19. IA: Acquisition & Review of DE Police Officer Standards and Training Documents Re: [REDACTED] [REDACTED] & [REDACTED] II, 3 Pages/22Apr24
20. IA: Acquisition of MPCTC Documents Re: Retired/Former LE Officers (LEOSA)/24Apr24
21. IA: Results of Screening Interviews Conducted – Ridgely, MD Town Center & MSP Annapolis 'J' Barrack, 5 Pages/31May24
22. IA: Receipt of Additional Documents from the Town of Ridgely, MD, 2 Pages/11Apr24
23. IA: Receipt of Supplemental Documents & Information from Walmart Inc. Re: Jeffrey S. ECKRICH, 2 Pages/07May24
24. IA: Results of MPCTC Inquiry Re: [REDACTED] of Field Training, 2 Pages/08May24
25. IA: Results of Interview – [REDACTED], Caroline County Sheriff's Office, 11 Pages/18Jul24
26. IA: Acquisition of Documents from the Milford Police Department (DE) Re: [REDACTED], 3 Pages/21Jun24
27. IA: Receipt & Review of Documents Re: [REDACTED] from [REDACTED]., 2 Pages/21May24
28. IA: Interview – Jeffrey S. ECKRICH, 5 Pages/30May24
29. Copy of an Email Correspondence (No Subject) from Bruce L. MARCUS, Esq. to TICSE/30May24
30. IA: Acquisition of Documents Re: Jeffrey S. ECKRICH, Prince George's County Police Department (Retired), 2 Pages/21Jun24
31. IA: Results of Interview – [REDACTED], 3 Pages/24Jul24

## EXECUTIVE SUMMARY:

1. On 23Feb24, the Maryland (MD) Office of the State Prosecutor (OSP) initiated this investigation pursuant to a referral from Sloane R. FRANKLIN, State's Attorney, Caroline County, Maryland (MD), which alleged that Jeffrey S. ECKRICH, Chief of Police, Ridgely Police Department, Town of Ridgely, MD, knowingly withheld a disclosure (referred to as the *Brady* list) related to a former out-of-state police officer from an application to the MD Police and Correctional Training Commission, the improper sale of Town owned property, along with other potential improprieties involving ECKRICH.

## NARRATIVE:

1. This investigation was initiated related to suspected violation(s) of **Perjury**, in violation of § 9-101 of the Criminal Law, MD Code, and **Misconduct in Office** in violation of the Common Law of MD.

2. Since the receipt of Reference (A), on 23Feb24, the Maryland (MD) Office of the State Prosecutor (OSP) opened an investigation at the request of Sloane R. FRANKLIN, State's Attorney for Caroline County, MD, pertaining to Police Chief Jeffrey ECKRICH, Ridgely Police Department (RPD), Exhibit (1) pertains.



**STATE OF MARYLAND**
**OFFICE OF THE STATE PROSECUTOR**
**300 E. Joppa Road, Suite 410**
**Towson, MD 21286**
**(410) 321-4067**



3. As background, on 11Mar24, the Commissioners for the Town of Ridgely, MD held a closed session meeting relative to a personnel matter. During this closed session meeting, a former RPD employee, [REDACTED], appeared before the Town Commissioners and presented information and a document outlining allegations of misconduct and improprieties associated with ECKRICH and members of the RPD.

4. On 12Mar24, it was reported by [REDACTED] to Reporting Agent (RA) that a new paper shredder had recently been delivered to the RPD.

5. Also, on 12Mar24, the Caroline County Sheriff's Office (CCSO), Criminal Investigations Division (CID), obtained and executed a Search and Seizure warrant for the entire RPD associated with the alleged misconduct, Exhibits (2) & (3) pertain. On the same date, the Commissioners, without guidance from OSP, suspended all RPD officers.

6. On 13Mar24, [REDACTED], CID, CCSO, provided RA with copies of the Search and Seizure documents that were executed on the RPD on 12Mar24, Exhibit (4) pertains.

7. Furthermore, on 13Mar24, RA obtained documents associated with [REDACTED] and RPD Officer [REDACTED] from the Maryland Police & Correctional Training Commission (MPCTC), Exhibit (5) pertains.

8. On 14Mar24, RA met with [REDACTED] Town of Ridgely, who provided RA with copies of the documents [REDACTED] gave to the Commissioners of the Town of Ridgely at the closed-session meeting, Exhibit (6) pertains. The allegations by [REDACTED] included that ECKRICH falsified MPCTC documents including firearms training and field training requirements, falsified payroll documents, sold a vehicle owned by the Town under value and without permission, was under the influence of medications while on duty, and had poor management.

9. Further, on 14Mar24, RA obtained documents from the Maryland State Police (MSP), Criminal Enforcement Division, MD Gun Center, pertaining to the investigative analysis conducted on ECKRICH, Exhibit (7) pertains.

10. Also, on 14Mar24, RA received invoice documents from [REDACTED] [REDACTED] Caroline County, MD related to the purchase of LEOSA cards and firearms contracts associated with the RPD and ECKRICH, Exhibit (8) pertains.

11. On 19Mar24, RA contacted the MSP Licensing Division for Handgun Permits pertaining to the Law Enforcement Officers Safety Act (LEOSA) qualification requirements, Exhibit (9) pertains.



STATE OF MARYLAND
OFFICE OF THE STATE PROSECUTOR
300 E. Joppa Road, Suite 410
Towson, MD 21286
(410) 321-4067



12. On 25Mar24, the MPCTC provided RA copies of employee profiles associated with the following retired and/or active law enforcement officers: [redacted] and [redacted], Exhibit (10) pertains.

13. Furthermore, on 25Mar24, [redacted], CCSO, provided RA copies of CCSO's investigative reports pertaining to the RPD investigation, Exhibit (11) pertains.

14. Pursuant to the Search and Seizure Warrant executed on the RPD, electronic devices were seized. On 01Apr24, the CCSO obtained a Search and Seizure Warrant to search, view, copy, and download digital data from the electronic devices, Exhibits (12) through (15) pertain.

15. On 05Apr24, the imaging and data extraction of all the electronic devices seized pursuant to the Search and Seizure Warrant was executed by [redacted], MSP, Digital Forensic Examiner, Digital Forensic Unit, Exhibit (16) pertains.

16. Also, on 05Apr24, [redacted], Town of Ridgely, provided RA copies of the documents associated with the Town's Charter, transaction records/monthly statements, and banking information related to the RPD and this investigation, Exhibit (17) pertains.

17. On 15Apr24, pursuant to the issuance of a OSP Subpoena *Duces Tecum* (SDT), Walmart Inc. provided RA a document associated with firearms purchased by ECKRICH from 2021 through the present, Exhibit (18) pertains.

18. On 19Apr24, the Delaware (DE) Department of Safety and Homeland Security, Police Officer Standards and Training (POST) and Police Accreditation Commission (DPAC), provided RA with documents associated with former DE law enforcement officers [redacted] and [redacted] Exhibit (19) pertain.

19. Pursuant to the issuance of an OSP SDT to the MPCTC on 23Apr24, the MPCTC provided documents associated with former/retired law enforcement officers who were identified to have received LEOSA cards from the RPD, Exhibit (20) pertains.

20. On 30Apr24 and 09May24 respectively, RA, Participating Agent (PA) John V. SIERACKI, and Abigail E. TICSE, Senior Assistant State Prosecutor (SASP), MD OSP, conducted consensual video and audio recorded interviews at the Town of Ridgely, MD Town Center and at the MSP Annapolis 'J' Barrack of the following individuals relative to this investigation: [redacted] Exhibit (21) pertains.

21. During the 30Apr24 interview of [redacted] [redacted], [redacted] stated that [redacted] handled the daily administrative duties for the RPD, including updating paperwork and monitoring the budget.



**STATE OF MARYLAND**
**OFFICE OF THE STATE PROSECUTOR**
**300 E. Joppa Road, Suite 410**
**Towson, MD 21286**
**(410) 321-4067**



[REDACTED] stated that all money that came into the RPD was either taken by [REDACTED] or Chief ECKRICH and given to [REDACTED] or [REDACTED]

22. During the 30Apr24 interview of [REDACTED] [REDACTED], [REDACTED] stated that, among other things, [REDACTED] handled all grants on behalf of the Town of Ridgely, including the RPD. After the RPD was suspended, [REDACTED] learned that not all required documents were submitted in support of grants utilized by the RPD. [REDACTED] also stated that [REDACTED] and [REDACTED] noticed issues with the hours that RPD officers were working. According to [REDACTED] previous vehicles owned by the Town were sold through a bidding process.

23. During the 30Apr24 interview with [REDACTED] [REDACTED], [REDACTED] stated that [REDACTED] is responsible for, among other things, payroll and human resources on behalf of the Town. [REDACTED] reported [REDACTED] has never had any issues or noticed any issues with the payroll or hours worked by the RPD officers. [REDACTED] confirmed that the money from the sale of the vehicle sold by ECKRICH was deposited into the Town's account. [REDACTED] reported that other Town vehicles have been sold and typically there is a bidding process. [REDACTED] stated that although [REDACTED] works on the first floor of the RPD, officers come and go through different doors and work outside of the office, so [REDACTED] is unaware when the officers are working.

24. During the 30Apr24 interview of [REDACTED] [REDACTED], [REDACTED] stated that the typical process of selling a vehicle owned by the Town of Ridgley was handled by [REDACTED] but that a Town Commissioner is required to sign a bill of sale.

25. During the 30Apr24 interview of [REDACTED] [REDACTED] Town of Ridgley, [REDACTED] stated that ECKRICH had the ability to work remotely. According to [REDACTED] ECKRICH spoke to [REDACTED] about potentially selling an old police vehicle, and [REDACTED] stated that ECKRICH needed to run comparable vehicles to determine pricing. [REDACTED] ran the Kelly Blue Book value of the vehicle sold by ECKRICH and it was not much higher than what ECKRICH sold the vehicle for. According to [REDACTED] there is no written policy or procedure for the sale of Town vehicles, but that a majority of the Commissioners should approve the sale. [REDACTED] further stated that prior to RPD hiring [REDACTED] ECKRICH asked the [REDACTED] about any issues with [REDACTED] being on a *Brady* list, but ECKRICH did not receive a clear answer. It was only confirmed that [REDACTED] was on the *Brady* list in DE *after* [REDACTED] was terminated.

26. During the 09May24 interview of [REDACTED] [REDACTED] stated that [REDACTED] conducted significant work on [REDACTED] background investigation prior to him being hired by the RPD, which involved [REDACTED] speaking with the



STATE OF MARYLAND
OFFICE OF THE STATE PROSECUTOR
300 E. Joppa Road, Suite 410
Towson, MD 21286
(410) 321-4067



Milford Police Department who would not confirm or deny whether [REDACTED] was on the *Brady* list. [REDACTED] reported to RPD during his interview that it was only a rumor that he was on the *Brady* list. [REDACTED] reported that [REDACTED] informed [REDACTED] that [REDACTED] was not on the *Brady* list prior to his hire; [REDACTED] relayed that information to ECKRICH. [REDACTED] has since learned that [REDACTED] is on the *Brady* list in DE. [REDACTED] also stated that ECKRICH worked a lot, including on evenings and weekends. [REDACTED] further stated that the vehicle that ECKRICH sold was in bad condition and had been involved in an accident. [REDACTED] was also responsible for approving RPD officers' time and attendance and did not have any issues with officers' time, except unapproved overtime by [REDACTED]

27. On 03May24, RA received additional documents from [REDACTED] consisting of revenue reports from the Town's "Accufund" accounting financial management system associated with the RPD for the calendar year 2021 through Mary 2024, Exhibit (22) pertains.

28. On 06May24, pursuant to the issuance of an OSP SDT, Walmart Inc. forwarded RA additional documents associated with the 11Mar21 firearms donations to RPD, Exhibit (23) pertains.

29. On 08May24, RA initiated an inquiry with the MPCTC associated with the former RPD officer, JOLES's certification of field training documentation, Exhibit (24) pertains.

30. On 13May24, RA along with TISCE conducted the consensual video and audio recorded interview of [REDACTED] Caroline County Sheriff's Office, formerly employed as a [REDACTED] with the RPD, Exhibit (25) pertains. According to [REDACTED] RPD transitioned to new firearms and ECKRICH spent a lot of time working with RPD's firearms instructor, [REDACTED], to coordinate the transition of the firearms. ECKRICH allowed the RPD officers to purchase their previous service weapons at market price, or they were turned into the gun dealer to offset the price of the new firearms. [REDACTED] was aware that one of the Town Commissioners was also interested in purchasing a firearm.

31. On 16May24, pursuant to the issuance of an OSP SDT, the Milford Police Department (DE) provided documents associated with former police officer [REDACTED] including all internal investigations, disciplinary actions/or resolutions, field training documents, and lawsuit(s)/settlement agreement(s), Exhibit (26) pertains.

32. On 17May24, pursuant to the issuance of an OSP SDT, [REDACTED], [REDACTED], counsel for the City of Milford, forwarded documents associated with former Milford Police Department officer [REDACTED] Exhibit (27) pertains.



STATE OF MARYLAND
OFFICE OF THE STATE PROSECUTOR
300 E. Joppa Road, Suite 410
Towson, MD 21286
(410) 321-4067



33. On 30May24, pursuant to a signed Proffer Agreement, ECKRICH along with [REDACTED] attorney for ECKRICH, met with RA, PA, and TICSE for the purpose of making a proffer in connection with this investigation at the MSP Annapolis 'J' Barrack, Exhibit (28) pertains.

34. Following the conclusion of ECKRICH's proffer, ECKRICH shared a text message through his attorney with the OSP. The text message was sent by [REDACTED] to [REDACTED], Town of Greensboro Police Department, MD shortly after [REDACTED] termination from the RPD but prior to the closed-session meeting. [REDACTED] shared the message with ECKRICH, and the message stated:

*"The town was already aware of the Brady stuff along with you. We discussed it in the interview. I'm hoping that you defended me to the town about Ridgely? If not I understand. I will tell you tho, I kind of feel like you have scrutinized every single thing in my life, which is fine, but definitely not a good feeling. I have told you things in confidence that I have not told anyone else and I have been up front about everything. Chief you and I both know this is not right what is happening to me. But if you don't wanna hire me or the town doesn't, I understand. But I'm going after Chief Eckrich and Ridgely. Your not going to destroy my life and just walk away from it," Exhibit (29) pertains*.

35. On 31May24, [REDACTED], Prince George's County, MD forwarded RA internal affairs investigations and related documents associated with ECKRICH [REDACTED], Prince George's County Police Department (Retired), Exhibit (30) pertains.

36. On 06Jun24, RA, PA SIERACKI, and TISCE conducted the consensual video recorded interview of [REDACTED], RPD, and a Certified Firearm Instructor, regarding [REDACTED] participation and/or involvement conducting the RPD's firearm training, and LEOSA firearm certification training, Exhibit (31) pertains. During his interview, [REDACTED] confirmed that [REDACTED] conducted qualifications for LEOSA cards issued by the RPD, including for former Maryland officers who now reside out-of-state. According to [REDACTED] [REDACTED] assisted ECKRICH in the transition of service weapons and performed a lot of related administrative work at home.

37. OSP's investigative findings did not disclose or surface sufficient evidence of criminal activity warranting further investigation or prosecution. Accordingly, this investigation is hereby closed.

**DISTRIBUTION:** OSP Case File
**STATUS:** Investigation Closed
**REVIEWED BY:** AET DATE: 7/26/2024